141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael C. EMANUEL, Defendant-Appellant.
 No. 97-30079.
D.C. No. CR-96-00065-JKS.
 United States Court of Appeals, Ninth Circuit.
 Decided March 9, 1998.
Submitted March 3, 1998** Seattle, Washington.
 
 1
 Appeal from the United States District Court for the District of Alaska James K. Singleton, Chief Judge, Presiding.
 
 
 2
 Before ALARCN and HAWKINS, Circuit Judges; BREWSTER,*** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Michael C. Emanuel appeals his jury conviction and sentence imposed for distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Emanuel contends that the evidence at trial established entrapment as a matter of law, and that the district court erred by failing to depart downward for sentencing entrapment and by denying an acceptance of responsibility adjustment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 Entrapment
 
 5
 Emanuel contends that the jury verdict should be overturned because the evidence at trial demonstrated entrapment as a matter of law. This contention lacks merit.
 
 
 6
 Emanuel's evidence that the informant paged him numerous times before Emanuel responded does not establish that the government induced him into selling crack cocaine. See United States v. Tucker, No. 96-50321, slip op. 195, 217 (9th Cir. Jan. 13, 1998) (stating that to establish inducement, defendant must point to undisputed evidence making it patently clear that government induced an otherwise innocent person to commit illegal act by trickery, persuasion, or fraud of a government agent). In fact, it was Emanuel who initially provided his pager number to the informant and told the informant to get back to him. In addition, when offered $450 by the informant, Emanuel stated that it was "short", but agreed to work with the informant anyway. Furthermore, even if Emanuel could establish inducement, the government has proved, beyond a reasonable doubt, that Emanuel was predisposed to sell crack cocaine. See id. at 218 (noting that in evaluating predisposition, five factors are considered, the most important of which is defendant's reluctance to engage in criminal activity). Emanuel was not reluctant to sell to the informant and eventually supplied 12.8 grams of crack even though he said he only did "halves and wholes." See id. The government also produced evidence that Emanuel had a prior conviction for possession of crack, had been in the business of selling crack in 1995, and had made the initial suggestion that the informant contact him. See id. Thus, the government presented sufficient evidence to show that Emanuel was predisposed to sell crack cocaine. See id. at 219.
 
 Downward Departure
 
 7
 Emanuel next contends that the district court erred by denying his request for a downward departure on the basis of either imperfect entrapment or sentencing entrapment because the government persuaded him to sell crack cocaine rather than powder. We disagree.
 
 
 8
 Because the district court recognized its discretion to depart downward, but declined to exercise its discretion, we lack jurisdiction to review the failure to depart on either ground. See United States v. Berger, 103 F.3d 67, 70-71 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 1456, 137 L.Ed.2d 560 (1997).
 
 Acceptance of Responsibility
 
 9
 Emanuel contends that the district court erred by denying him a downward adjustment for acceptance of responsibility pursuant to U.S .S.G. § 3E1.1 because he only denied factual guilt at trial by arguing entrapment. This contention lacks merit.
 
 
 10
 At sentencing, the district court found that "there's no evidence Mr. Emanuel ever admitted anything. He put the Government to its proof, and ... rolled the dice." The court properly relied upon Emanuel's extensive cross-examination of the government's witnesses and his attempt to imply that someone else was involved in the drug deal to find that Emanuel did not admit his culpability. See United States v. Molina, 934 F.2d 1440, 1450 (9th Cir.1991); U.S.S.G. § 3E1.1(a), comment. (n. 2) (1995) (providing that while the adjustment is not intended to apply to a defendant who puts the government to its burden at trial, in rare situations a conviction will not preclude a defendant from consideration for the reduction). Accordingly, the district court did not clearly err by denying a reduction for acceptance of responsibility. See Molina, 934 F.2d at 1450.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Rudi Brewster, United States District Judge for the Southern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3